THOMAS MOORE v. COMMISSIONERS OF GREENE.

*Statute of Limitations— Waiver of Delay.*

1. Where the plaintiff made a payment, the defendant promising to refund any excess of the amount due, and upon a reference a balance

was reported in favor of plaintiff; *Held* in an action to recover the amount, that the statute begins to run only from the date of such finding.

2. *Held further :* The unreasonable delay on the part of the plaintiff to assert his rights, is deemed to have been waived by the acts of the defendant, in that, the refusal to refund the money was upon the ground that the proof was insufficient to establish plaintiff's claim.

(*Falls* v. *McKnight*, 3 Dev., 421 ; *Wharton* v. *Commissioners*, 82 N. C., 11, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1882, of GREENE Superior Court, before *MacRae, J.*

This action was begun on the 1st day of March, 1880. The plaintiff alleges that being tax collector for Greene county he had a settlement with the defendants, and the then treasurer of the county on the 30th day of May, 1873, and that he then paid to the latter the sum of $7451.70 in full of the amount collected by him from all sources—taking a receipt therefor. That in the year 1874, the defendants in consequence of a report from a committee they had appointed to examine into the plaintiff's accounts, insisted that there was an error in the previous settlement, and that he was still owing for taxes collected the sum of two hundred and fifty dollars, and threatened to sue him and his sureties, if the same was not paid. That rather than have his sureties sued and be himself pronounced a defaulter, he paid the said sum of two hundred and fifty dollars, though under protest, the defendants then and there promising that the same should be refunded to him in case it should be made to appear that it was not in fact owing to the county. That the plaintiff could never procure satisfactory proof that the said sum was not due until October, 1879, when he demanded the same of the defendants who refused to pay it.

The defendants say in their answer that they have no knowledge or information sufficient to form a belief as to the several matters set forth in the complaint, and insist

that even if true, the plaintiff's claim is barred by the stat-
ute of limitations, and that it is also barred because not
presented within two years after its maturity as required by
the act of 1874–'5, ch. 243.

By consent of the parties the cause was referred to F. A.
Woodard, to pass upon all issues of fact and law, with
a provision that his findings as to the facts should be
conclusive.

The referee found the following facts:

1. That the plaintiff was the tax collector for Greene
county for the year beginning in September, 1871, and end-
ing in September, 1872.

2. That in 1873 the board of commissioners of the county
appointed a committee to settle with the plaintiff, who re-
ported that he was due the commissioners the sum of $7,-
451.70 and thereupon the plaintiff paid that sum to the
county treasurer and took his receipt in full, on the 30th of
May, 1873.

3. That in the year 1874 the said board of commissioners
appointed another committee to examine into the accounts
of all the officers of the county, who after examining the
lists of 1871–'72, reported that the plaintiff was indebted to
the county in the sum of $250.00, and soon thereafter the
board demanded that sum of the plaintiff who refused at
first to pay it, alleging that he did not owe it, but afterwards
agreed to pay it, and did pay it on the 2nd day of Novem-
ber, 1874, the said board then agreeing "that if it should
be shown that there was a mistake made by the com-
mittee in their report, and that the said sum was in fact not
due from the plaintiff, then the said sum of $250.00 was to
be refunded to him by the commissioners."

4. That on the 3rd day of November, 1879, the plaintiff
presented his claim to the defendant board of commission-
ers and demanded that the said sum of $250.00 should be
refunded to him, alleging that he had discovered evidence

showing the error in the report of the committee, which newly discovered evidence established the fact that the said sum was not due the county at the time of its payment. But the board refused to refund the same, insisting "that the newly discovered evidence did not establish the fact of error in the report of the said committee."

5. That according to the report of the committee there was due from the plaintiff for taxes collected from all sources the sum of $7,575,03, on which he was entitled to credits for his commissions and for insolvents for $772.17, leaving a balance due from him of $6,802.86, so that in paying the sum of $7,451.70 in May, 1873, he largely overpaid the amount due from him without any reference to the $250.00 subsequently paid, and therefore the said sum of $250.00 paid in November, 1874, was not due the county when the plaintiff paid it.

6. That the demand for repayment of the sum so paid was not made upon the board of commissioners, by the plaintiff, within two years after its payment—the same not being made until January 1st, 1877.

7. That at the time the plaintiff paid to the commissioners the $250.00, he knew the same was not due the county, and that he had at the time of such payment full and sufficient proof that the same was not due from him.

Upon the foregoing findings of fact the referee concluded as a matter of law that the plaintiff's cause of action was barred by the statute of limitations, and directed that judgment should be entered for the defendant, and against the plaintiff for costs.

Both parties filed exceptions to the report of the referee, but according to the view taken by this court it is needless to state them, except that the plaintiff insisted that according to the facts as found, it was error to direct the judgment to be entered for the defendants, and that on the contrary he is entitled to have payment for his demand and interest.

His Honor overruled all the exceptions and gave judgment according to the report against the plaintiff for the costs—both parties appealing from the ruling of the court in regard to their exceptions.

*Mr. W. T. Faircloth,* for plaintiff.
*Messrs. Grainger & Bryan,* for defendants.

RUFFIN, J. As established by the findings of the referee, the agreement made on the second of November, 1874, between the plaintiff and the then board of commissioners was, that the money paid by plaintiff under protest should be refunded to him *"if it should be shown that there had been a mistake in the report of the finance committee and that the sum was not in fact due from him."*

Both upon principle and authority, then, we think the statute of limitations could have no application to the case. It was evidently contemplated by the parties that there was to be a re-reckoning of the plaintiff's accounts, as the tax-collector of the county, and that the rights and duties of the parties should be determined by the result of that investigation, and until this took place, there could be no breach of the contract on the part of the commissioners, and consequently no right of action could accrue to the plaintiff.

In *Falls* v. *McKnight,* 3 Dev., 421, the action was upon a receipt given by the defendant in the cause to the plaintiff's testator, and worded as follows: "Received of Robert Simonton, executor of James Heart, $953.24 which I have received as heir to James Heart, *and if it is too much, I am to return the balance,"* and it having been ascertained by arbitration and award, within the three years next before the commencement of the action, that the defendant had been overpaid, it was held that the statute did not apply until the award was made.

So in the present case, the promise was to repay the

amount whenever it should be ascertained by the new reck-oning that the plaintiff in fact owed nothing to the county, and when that fact was ascertained and not before, did a cause of action arise and the statute begin to run.

But because there was no statute of limitations running which could bar the plaintiff's demand, it does not in the least follow that there was no limit to his rights or necessity on him to use reasonable diligence. A party will not be allowed to step over his rights to the prejudice of another, against whom he prefers a claim, and who by his delay may be injured by the loss of evidence or other means of defence, and if he do so, the courts will treat his claim as stale and grant him no relief upon it.

In this case, after his agreement with the commissioners, it devolved upon the plaintiff to procure the proper and necessary evidence to establish his demand, and there being no time agreed upon in which this should be done, the law implied that it was to be done within a reasonable time.

What that is, cannot be determined according to any precise rule, but must depend upon the circumstances of each particular case. In the absence of any unusual cause for delay, it would seem to be reasonable to require the evidence to support the claim, in a case like the present, to be sought after and procured within the time limited for bringing an action upon an accrued right. There is the same necessity for requiring diligence in the one case as the other, and an unreasonable delay should be attended with the same consequences in both.

The burning of the court house in 1876 furnishes no excuse for the plaintiff's want of diligence. For even after that, he was able to procure from the public auditor's office, proofs ample to satisfy the referee of the justness of his claim, and with equal, or greater ease could this have been done, before the destruction of the county records.

Outside of this, there appears to be nothing that affords

the semblance of an excuse for a failure to press his demand, extending from 1874 to 1879, and we should therefore entertain no doubt upon the question of the plaintiff's laches, if the defendants had assumed that ground in 1879, and refused to recognize the plaintiff's demand on the score of his unreasonable delay.

But instead of this, the referee finds expressly that they based their ultimate refusal to refund the plaintiff's money, upon the ground *that his proofs were insufficient to establish his claim ;* and from this we are obliged to infer, that they consented to try and did try the cause upon its merits, hearing the evidence and weighing its effects, either in a body or through the agency of a committee ; and if so, it must be taken to be a clear waiver of the plaintiff's antecedent laches.

It would be inconsistent with fair play for the defendants, after having gone into a trial with the plaintiff as to the merits of his demand, and when the weight of the testimony was found to be against them, then to complain of the plaintiff's want of diligence in bringing his cause to a trial.

As to the act of 1874–'75, ch. 243 : For the reasons given in *Wharton* v. *Commissioners,* 82 N. C., 11, we think it has no application to a claim against a county, constituted as the plaintiff's is. The defendants and their predecessors in office had notice from the beginning of its origin, nature and amount, and of the fact that it could not mature until the accuracy or inaccuracy of their previous settlement with the plaintiff could be ascertained. Such a claim falls neither within the letter nor the spirit of the act.

Our conclusion upon the whole case therefore is, there being no statute of limitations which bars the plaintiff's action, and the defendants having waived his laches, he is entitled to judgment according to the finding of the referee for the sum of $250.00 with interest from the 2nd day of November, 1874, and for costs.

. Error.                    Judgment accordingly.