. J. N. REAVES v. H. DAVIS and G. D. ROBERSON.

*Administration—Final Account—Statute of Limitations—Lia-
bility of Surety—Reference—Evidence.*

1. Until the final accounts of administrators and executors are properly
filed, made and audited, the statute of limitations prescribed in
*The Code*, §154, will not begin to run.

2. Where there is any evidence, the finding of facts by a referee upon
an issue submitted to him is conclusive.

3. The measure of the liability of a surety upon an administrator's bond
is the amount of assets shown to have been or which should have
been received by his principal; a general allegation and finding
that the administrator mismanaged the estate, will not extend the
liability of the surety.

4. The conditions of an administration bond include responsibility for
proceeds of real estate sold for the payment of debts.

5. Where the administration was granted and bond filed in November,
1870, and suit was brought against the administrator upon a debt
due from his intestate in 1876, which resulted in judgment for the
creditor in 1879, and this not being paid, suit was instituted on
the administration bond in June, 1881, to recover the amount due
on said judgment; *Held*, that the action was not barred as against
either the administrator or the sureties.

This was a CIVIL ACTION, tried before *Avery, J.*, at Fall
Term, 1886, of MADISON Superior Court, upon report of
referee and exceptions.

This action is on the administration bond executed by
the defendants, H. Davis, as principal, and G. D. Roberson,
as surety, on the issue of letters of administration to the
former, on the estate of Philip Ingle, by the plaintiff, a cred-
itor, who had before recovered judgment for his debt, against
the administrator. The complaint charges that there are,
or ought to be, assets in his hands applicable to and suffi-
cient in amount for the discharge of said debt. The answer
denies all and singular the allegations made in the com-

plaint, and avers as a defence, that the estate has been fully administered and a final account filed in the Clerk's office; that the fund has been exhausted in payment of costs incurred and debts against the intestate of prior or greater dignity. and that the action is barred by the statute of lim-, itations, and especially as to the surety.

The case was referred to P. A. Cummings, in general terms to inquire into and report an account of the administration, and, as understood by him, to pass upon all the issues arising upon the pleadings. This order he has performed, and made his report, finding as follows:

1. The debts due by the intestate when the administrator entered upon his trust, were, in amount, two hundred and fifty-two dollars and thirty-six cents.

2. Personal assets of the value of thirty-two dollars and fifty-five cents, and moneys derived from his sale of land, in amount five hundred sixty-nine dollars and twenty-five cents, passed into his hands.

3. The action is not obstructed by the statutory bar as to either defendant.

4. Of the sum of one hundred dollars paid into the Clerk's office by the administrator, all has been applied to a bill of costs incurred in the case of *Reaves* v. *Davis*, administrator, except the sum of thirty dollars, which remains there.

The referee finds, as conclusions of law, as follows:

1. The administrator is entitled to credits, supported by vouchers, except a small sum admitted, in the aggregate sum of three hundred and fifty-eight dollars and twenty-four cents, besides his commissions, which increase the sum to four hundred fifteen dollars and twenty-five cents.

2. Certain enumerated vouchers exhibited were disallowed, to-wit: (1). A claim for costs paid in a suit brought by said intestate guardian against King, as not a proper charge in the administration account, inasmuch as it was on behalf of

the minor children of the intestate; (2). The charge for mileage and attendance at Court where the land was sold; (3). For an amount purporting to have been paid to attorneys for professional services, in the sum of one hundred dollars, for the reason that the claim was not made in the account rendered; the services so rendered were in part by other counsel; some of it since the commencement of this suit; and that as sixty-five dollars for fees of counsel has already been allowed, this further sum was unreasonable and exorbitant in so small an estate.

3. The administrator has mismanaged the estate—has paid demands for which it was not liable—has not rendered any account, as the law requires, and has not performed the conditions of his bond.

4. The debt due the plaintiff after applying thereto the moneys in the hands of the Clerk, and with interest to August 2, 1886, is ($377.07) three hundred seventy-seven dollars and seven cents, which sum, with interest on ($266.02) two hundred sixty-six dollars and two cents, the plaintiff is entitled to recover on the bond, as damages for the breach of its conditions.

The defendant filed exceptions thereto, which, upon the hearing, were overruled, the report confirmed, and judgment rendered, from which the defendants appealed. The exceptions are as follows:

1. That the referee found as a fact that the said George D. Roberson was surety on said bond, without any evidence.

2. That the referee found as a fact, that defendant H. Davis had not made a final settlement as administrator, but that it was a pretended settlement.

3. That the referee found as a fact, that at the time the administrator entered upon the duties of said administration, the indebtedness amounted to only $252.36, and that there was no pending litigation, without any evidence.

4. That said referee found as a fact, that the administra-

tor had vouchers for money paid out on said estate to the amount of $415.25, and that he only returned a balance in his hands of $191.55, and at the same time that plaintiff is entitled to the payment of his debt, to the amount of $377.07.

5. That said referee found as a fact, that the receipt filed by J. M. Gudger, Jr., and J. M. Gudger, Sr., was only for services rendered in the case of J. W. Reaves against H. Davis, without any evidence.

6. That said referee compounded the interest on the debt of J. W. Reaves.

7. That the referee found as a fact, that said administrator was not entitled to any mileage, or days allowed in attending on days of sale of personal property, or time even in attending trials. That there is no evidence to support his finding that the plaintiff's debts were not barred by the statute of limitations.

8. That the referee allowed the said administrator commissions to the amount only of $43.89, when he was entitled, as by his own report, to fees $60 to $75, and also the allowance of days and mileage.

9. That said bond was given to secure the administrator's property of the personal estate, and that the real estate being valued more than the bond, the law requires a larger bond before said sale could be ordered.

10. That there is no evidence to show that plaintiff has an actual debt against the estate of Philip Ingle, deceased, or the amount of said debt or judgment, or the date thereof, or the time it was presented for payment.

*Mr. C. A. Moore*, for the plaintiff.
*Mr. Theo. F. Davidson*, for the defendants.

SMITH, C. J., (after stating the case). 1 Exception. The

administration bond on exhibit shows the suretyship of the defendant Roberson.

2 Ex. What purports to be the final account rendered does not come up to the requirements of the statute, *The Code,* §§ 1402 and 154, and is fatally defective, in putting in operation the limitation in the last mentioned section in favor of the obligees, upon an inspection of the exhibit.

3 Ex. There was evidence of the amount of the indebtedness of the intestate furnished in the documents produced before the referee, and the finding of the fact is conclusive. These exceptions are properly overruled.

4 Ex. The first and second findings of the referee's conclusions of law sustain this exception, for the difference between the credits allowed and the debt charged, to-wit: one hundred and ninety-one dollars and fifty-five cents ($191.55), is the sum "that should be in the hands of the administrator," and this is the measure of the liability upon the bond. The general finding of mismanaging the fund is too indefinite to extend the liability further.

5 Ex. The receipt for services rendered by counsel shows upon its face what they were for; and the reasons, at least some of them, in the absence of any proof of their extent and value, given for not allowing the charge in the report, warrant the rejection of the claim.

6 Ex. This exception is put out of the way by the ruling upon exception four, which limits the recovery to the value of the assets with which the defendants are chargeable upon the bond.

7 Ex. The ruling upon this exception is sustained and it disallowed.

8 Ex. The same disposition is made of this exception.

9 Ex. The administration bond, in express terms, includes "*proceeds of his real estate* that may be sold for the payment of the debts of the deceased, which shall at any time come into the possession of the said administrator," &c., and the secu-

rity furnished in this land is in no way impaired by a neglect in requiring an additional bond for a further security.

10 Ex. This exception is wholly without support.

The judgment must be reformed so that the recovery shall be confined to the value of the assets, as ascertained by the referee and already mentioned, which is the measure of damages sustained by reason of the breach of the conditions of the bond, and judgment will be entered for the penalty, to be discharged by the payment of such damages, and interest may be allowed from the time when it might have been paid.

Davis, J. The foregoing opinion was prepared by the Chief Justice at the last term of this Court, but at the request of counsel for the defendant, who did not argue the case upon its merits at that term, it was withheld, that we might have the benefit of further argument on behalf of the defendant. At the present term we have had an interesting and able argument from Mr. Davidson, chiefly upon the defense interposed by the statute of limitations, but, after a careful review, we adhere to the conclusion at which we first arrived.

It having been found that the alleged final account was not such as the statute contemplated (and, in fact, it appears from the record that it was never audited or passed upon at all), it is clearly not within section 154, subsection 2, of *The Code*, which limits the time "within six years after the auditing of his final account by the proper officer," &c. As no account had been audited, that section could not protect the defendant.

But it is insisted that if the administrator himself is not protected, the defendant Roberson, the surety, is protected by the three years' bar contained in section 155, subsection 6, of *The Code*, and "that there is no evidence to support the referee's finding that the plaintiff's debts were not barred by the statute." Though the dates are not given by the referee

in his report, it appears from the record, upon which his finding was based, that the alleged breach was the failure to pay the judgment finally rendered at the January Term, 1879, of this Court, and that the summons in this action was issued on the 18th day of June, 1881, which was within three years.

With the modification in regard to the 4th exception, as contained in the foregoing opinion, the judgment is affirmed.

Judgment modified 'and affirmed.