## J. H. LANNING v. THE COMMISSIONERS OF TRANSYLVANIA COUNTY.

*Sheriff—County Commissioners—Note—Statute of Limitations—The Code—County Debt—Referee.*

1. By order of the County Commissioners in February, 1881, L., a Sheriff, executed and delivered a note to one D. for the value of his services in building a court-house and jail. Payments were made thereon by the Sheriff and by the Chairman of Commissioners in March, 1882, and afterwards, the Sheriff, under order of the Commissioners to him as such, paid off the balance in full, but failed, as he alleged, to have it allowed to him in settlement with the Commissioners: *Held*, that in an action by L. against the Commissioners for such balance, it must appear that he presented his claim within two years after its maturity.

2. When the referee to whom the case was referred under *The Code*
     failed to find the facts upon which this statute of limitation can
     be determined, the case must be remanded.

3. It is not necessary, in such action, that the items of the account be-
     tween the parties, should be stated in detail. The findings of fact
     as to the execution of the note, the payments thereon, the balance
     due, and the ownership thereof, are sufficient as to all questions
     involved, except the statute of limitations.

CIVIL ACTION, tried before *Clark, J.,* at September Term,
1889, of the Superior Court of TRANSYLVANIA County.

The facts in this case are stated in the opinion.

*Mr. G. A. Shuford,* for plaintiff.
*Mr. T. F. Davidson,* for defendants.

DAVIS, J.: The plaintiff was Sheriff of Transylvania
County, and alleges, in substance, that, on the 8th of Feb-
ruary, 1881, B. C. Lankford was the chairman of the Board
of County Commissioners of the county, and as such, and in
obedience to the order of the Board, he executed and deliv-
ered to William T. Davis, contractor for building the court-
house and jail, a bond for $1,305.53, with interest from
February 8th, 1881, being the balance due said Davis from
the county for building said court-house and jail; that, on
the 25th of March, 1882, as Sheriff, he paid $729.26 on said
note, and B. C. Lankford, chairman of the board as afore-
said, paid $212.50, and nothing more was paid thereon,
except that thereafter the plaintiff, by order of the Board of
County Commissioners, " directed to him as Sheriff of the
county, paid off said bond and its interest, and, at the time
of making his settlement with the county as Sheriff, he
overlooked the same and it was not allowed to him in settle-
ment"; that, as soon as he discovered that the payment so
made had not been allowed in his settlement, he immedi-
ately applied to the defendants in open session on the 18th

,day of June, 1887, and demanded that his claim for the same be audited and allowed, which was refused by the defendants; that there is due on said note, which was regularly assigned to him, the sum of $597.40, with interest on the $452.32 till paid, for which he demands judgment and for such other relief, &c.

The defendants answer, admitting the execution of the note, but substantially denying the other material allegations of the plaintiff. They say that the note has been paid in full, and that the plaintiff, "in his settlement with the county as Sheriff, received full credit for the said note and interest." They admit that the plaintiff demanded that his claim be audited and allowed, as alleged, but that it was refused upon the ground that the same had already been paid in full And for a further answer, they say "that the plaintiff ought not to have or maintain this action against them, because they say that the bond mentioned in the complaint was not presented to the chairman of the Board of County Commissioners of Transylvania County within two years after the maturity of said bond."

The action was commenced on the 13th day of August, 1887, and was continued from term to term until Spring Term, 1889, when an order of reference theretofore made to C. M. Page, Esq., was set aside, and it was referred, by consent, to Kope Elias, Esq., under *The Code.*

At _____ Term, 1889, the referee filed the following report:

"1. I find as a fact that the note sued upon was duly executed by those having authority.

"2. I find as a fact that the defendants made payments thereon.

"3. I find as a fact that the note sued on by the plaintiff is the property of the plaintiff, and the amount sued for as balance due thereon is due and unpaid, and that the plain-

tiff is entitled to recover a judgment of the defendants for said amount.

"4. I find as a fact that the plaintiff never presented the note sued on to the defendants for payment, after the same was assigned to him, till the 18th day of June, 1887, and that payment was refused by the defendants. I find as a conclusion of law that section 756 of *The Code*, pleaded in bar of the recovery of the plaintiff's claim, is no bar to the plaintiff's recovery, for the reason that the note sued upon was presented to the defendants and recognized by them, and that the defendants paid one Posey, agent of Davis, the obligee, a payment thereon *within two years* of the *maturity* of the *same*.

"Again, I find as a conclusion of law, had the assignor of plaintiff failed to present the note sued on within two years, the defendants' plea would avail nothing. See *Wharton* v. *Commissioners of Currituck*, 82 N. C., 11, where the Court says, in construing section 756, what it means: 'That the object of the act being to enable the municipal bodies mentioned to make a record of their valid outstanding obligations and to separate them from the spurious and illegal, *it did not apply* to a valid debt of the *existence* and *character* of which the corporate authorities had *actual notice.*' The defendants knew of the existence of the note sued on, the character and amount thereof, and for what purpose it was given.

"I therefore direct judgment to be entered for $597.40, with interest on $452.32, at six per cent., from the 13th day of August, 1887, till paid.

"I respectfully report my findings of facts and conclusions of law with the testimony in the cause.

K. ELIAS, *Referee.*"

To this report the defendant filed the following exceptions:

"1. That the referee does not state the items of account between the parties in his report, nor does he show at what time the plaintiff made his final settlement with the defendants as Sheriff and tax-collector, and what amount he then received credit for.

"2. The referee does not find the facts upon the issue raised by the pleadings, viz., Was the amount paid by the plaintiff as Sheriff on the bond mentioned in the complaint allowed to him in his settlement with the defendants?

"3. The referee errs in his finding of fact that the note sued on is the property of the plaintiff, because the complaint alleges that the plaintiff, as Sheriff and tax-collector for Transylvania County, paid off the note for and by request of the defendants.

"4. The referee errs in his finding of fact, that the plaintiff's claim was presented to the defendants for payment within two years from its maturity.

"5. The referee errs in his conclusion of law, that it was not necessary, under section 756 of *The Code*, for the plaintiff to present his claim for settlement within two years after the bond mentioned in the complaint had been paid off by him as Sheriff and tax-collector.

"6. The referee errs in his conclusion of law, that the plaintiff's claim is not barred by section 756 of *The Code*.

"7. The referee errs in his conclusion, that the plaintiffs' claim is not barred by the statute of limitations."

Upon the hearing, his Honor overruled all the defendant's exceptions, and gave judgment for the plaintiff.

The plaintiff, substantially, alleges that, by the direction of the Board of County Commissioners, he paid on the note referred to the sum mentioned in the complaint, and that in his settlement as Sheriff with them the amount so paid was overlooked, and credit for it was not included and allowed him in said settlement, and that as soon as he discerned

that it had not been allowed, he applied to them for payment, which was refused.

The defendants admit the execution of the note and the plaintiff's demand, but they deny the other allegations, and they also rely upon the statute (*The Code*, § 756) as a bar to plaintiff's demand.

The matters in controversy are, in substance—

1. Did the plaintiff pay the balance due on the note mentioned in the complaint?

2. If so, was the amount so paid by him allowed and credited to him in the settlement referred to?

3. And if not, was the demand to have it allowed made within the time allowed by law?

To answer these questions, it was not necessary that the referee should state, in detail, the items of account between the parties, and the finding as facts that the note was duly executed, &c., that payments thereon were made by the defendants, and that the balance due and unpaid is the property of the plaintiff, may be fairly taken and construed as determining the first and second in favor of the plaintiff; but there are no findings of fact upon which the third, in regard to the statute of limitations, can be determined. It is enacted (*The Code*, § 756) that: "All claims against the several counties * * * of this State, whether by *bond* or otherwise, shall be presented to the Board of County Commissioners * * * within two years after the maturity of such claims, or the holders of such claims shall be forever barred from a recovery thereof."

This is a statute of limitation, and such claims against the county should be presented within two years "after maturity." *Royster* v. *Commissioners*, 98 N. C., 148; *Moore* v. *Commissioners*, 87 N. C., 215. But, as was said in the latter case, which was of a nature similar to this, the statute does not apply to a claim "constituted as the plaintiff's is."

The purpose of this action is, in effect, to correct a mistake, and, following *The Code*, § 155, sub-sec. 9, as amended by the Act of 1889, ch. 269, it should be brought within the time limited, after discovery of the facts constituting the mistake.

No facts are found by the referee that will determine this. The finding, that it was presented on the 18th day of June, 1887, and that the defendants made a payment to "one Posey, agent of Davis, the obligee, *within two years of the maturity* of the same," does not show that it was presented within two years *after* the payment thereon to Posey, or *after* the mistake was discerned. The material question here is, Was the action brought within two years after the discovery of the mistake?

In a reference under *The Code* the referee must report the evidence, his findings of fact thereon and his conclusions of law. Upon exceptions filed, the Judge below reviews the findings of fact as well as conclusions of law, but the findings of fact are not reviewable by this Court, except in cases where it is alleged that there is *no evidence* to support the finding of fact, but if there is any evidence, the finding of fact below is conclusive. *Barcroft* v. *Roberts*, 91 N. C., 363; *Cooper* v. *Middleton*, 94 N. C., 86; *Usry* v. *Suit*, 91 N. C., 406; *Reaves* v. *Davis*, 99 N. C., 425, and cases cited.

The evidence taken by the referee is sent with the record. This should only be done when it is needed, and to the extent needed, to enable the Court to pass upon the question, when raised, as to whether there is any evidence, in which event alone can this Court review it, and the cause must be remanded, to the end that facts may be found upon which the question of the statute of limitations may be determined.

Error.