R. W. WHARTON, Administrator, v. COMMISSIONERS OF CUR-
RITUCK.

*Nonsuit— Retraxit—Limitations—Demand.*

1. Plaintiff's intestate brought suit against a county and afterwards, on his own motion, had the following entry made on the docket : " Plaintiff takes a nonsuit, judgment against the plaintiff for costs ;" *Held*, not to constitute a *retraxit* in form or substance.

2. An act of assembly provided that all claims against certain municipal corporations should be presented within two years, or else the holders should be forever barred from recovering thereon, and directed that all claims so presented should be entered in a book to be kept for that

purpose, but said act was declared inapplicable to debts " already ascertained and audited;" *Held,*

(1) That such act was substantially a statute of limitations, and that one who began suit within the time prescribed, took a nonsuit and began a second action within one year after the nonsuit, but more than two years after the maturity of the claims, was not barred.

(2) That the object of the act being to enable the municipal bodies mentioned, to make a record of their valid outstanding obligations, and to separate them from the spurious and illegal, it did not apply to a valid debt of the existence and character of which the corporate authorities had actual notice.

(3) That the summons and complaint in the first action constituted a sufficient demand.

(*Skillington* v. *Allison,* 2 Hawks, 347 ; *Morrison* v. *Conelly,* 2 Dev., 233 ; *Freshwater* v. *Baker,* 7 Jones, 255 ; *Straus* v. *Beardsley,* 79 N. C., 59 ; *Worke* v. *Byers,* 3 Hawks, 228 ; *Pescud* v. *Hawkins,* 71 N. C., 299 ; *Graham* v. *Tate,* 77 N. C., 120 ; *Tate* v. *Phillips,* 77 N. C., 126 ; *McKesson* v. *Mendenhall,* 64 N. C., 502, cited and approved.)

CIVIL ACTION tried at Fall Term, 1879, of CURRITUCK Superior Court, before *Gudger, J.*

The case is stated in the opinion. Judgment for plaintiff, appeal by defendants.

*Messrs. Gilliam & Gatling,* for plaintiff.
*Messrs. Pruden & Shaw* and *Whedbee,* for defendants.

SMITH, C. J. On the 13th day of June, 1878, the plaintiffs' intestate, David M. Carter, instituted his action against the defendant corporation in the superior court of Hyde to recover the value of certain bonds issued by the county of Currituck, and then held by him. The plaintiff filed his complaint on the 11th day of November, and at fall term the following entry is made on the docket: " Plaintiff takes a nonsuit. Judgment against the plaintiff for costs."

No demand was made of the defendant before the suit was brought. After the intestate's death the plaintiff, his administrator, sued out a summons from the superior court

of Currituck, on the 15th day of February, 1879, for the same cause of action, and on the same day the defendant acknowledged service and waived a demand of payment in writing endorsed upon the summons. The indebtedness set out in the complaint consists of nine bonds, each in the sum of one thousand dollars, and all maturing on the first day of July, 1876, and of detached coupons in the aggregate sum of nine hundred and thirty dollars, each for the sum of thirty dollars, and successively falling due on the first days of January and July in the year 1861, and thereafter up to the date when the principal became due. The debt was incurred for a work of internal improvement, constructed partly in the county and under the authority of an act of the general assembly, ratified February 8th, 1855, entitled " an act to incorporate a company to construct a ship canal to unite the waters of Albemarle, Currituck and Pamlico Sounds with the Chesapeake Bay and for other purposes." Act 1854–'55, ch. 93.

The defendants deny that any legal and sufficient demand of payment was made before the commencement of the action, and set up the defence that no recovery can be had because of the plaintiff's failure to comply with the requirements of the act of March 22d, 1875. Acts of 1874–'75, ch. 243.

The act, section one, provides that all claims against the several counties, cities and towns of this state, whether by bond or otherwise, shall be presented to the chairman of the board of county commissioners, or to the chief officer of said cities and towns, as the case may be, within two years after the maturity of such claim or claims, or the holders of such claim or claims shall be forever barred from a recovery thereof. Section two directs to be entered in a book to be called "the registry of claims," the nature, amount, date and time of maturity of all claims so presented, and section

four declares the act not applicable to a county whose debt
is "already audited and ascertained."

The trial was, by consent, referred to the court, and the
following additional facts found are deemed material to the
solution of the questions presented in the appeal: Before
the commencement of suit by the intestate, the corporate
authorities of Currituck had full knowledge of the existence,
nature, amount, date and time of maturity of the outstand-
ing debt of the county, contracted for internal improve-
ments, of which the bonds and coupons sought to be recov-
ered form a part, and caused a record thereof to be made.
The amount thus ascertained had been apportioned between
the county and that part of Dare detached from it, in an
action of the former against the latter county, and in con-
formity with the judgment rendered therein. Upon these
facts the court was of opinion that the plaintiff was entitled
to recover the whole of his debt, and gave judgment ac-
cordingly, the correctness of which ruling is the point pre-
sented for our review.

It will be observed that the statute relied on is not in
strict terms an act limiting the time in which the action
may be prosecuted, but it imposes upon the creditor the
duty of presenting his claim within a defined period of time,
and upon his failure to do so, forbids a recovery in any suit
thereafter brought. If the claim is presented and the com-
mands of the statute complied with, no bar or obstruction is
interposed in the way of its successful prosecution. Under
this operation and requirement of the enactment, it may
admit of question whether this new condition engrafted
upon the contract, as affecting the pre-existing rights of the
creditor, does not impair its obligation within the prohibi-
tion of the federal constitution. But waiving the point and
treating the act as a restricted and conditional limitation
upon the right to sue and governed by the rules appli-
cable to its exercise, it is plain, as the first action is exempt

from its operation, and the present has been commenced within a year after its termination by a nonsuit, the case is within the saving of section eight of chapter sixty-five Revised Code, as construed in numerous cases before this court. *Skillington* v. *Allison*, 2 Hawks, 347; *Morrison* v. *Conelly*, 2 Dev., 233; *Freshwater* v. *Baker*, 7 Jones, 255; *Straus* v. *Beardsley*, 79 N. C., 59.

We do not concur in the argument of defendants' counsel, based upon what is said in *Worke* v. *Byers*, 3 Hawks, 228, that the entry upon the docket of Hyde superior court is in substance a *retraxit*. In our opinion both in form and effect it is what it purports to be, a nonsuit, as if drawn out in full, and no parol evidence is admissible to contradict or explain the record.

" The ancient rules," says BYNUM, J., delivering the opinion in *Pescud* v. *Hawkins*, 71 N. C., 299, " in regard to nonsuit, which were founded on technical reasons, having no existence now, have given way to the more reasonable one which now prevails, to wit, that if it be clear that in point of law the action will not lie, the judge at *nisi prius* will nonsuit the plaintiff, although the objection appear on the record and might be taken advantage of by motion in arrest of judgment. 2 Tidd Pr., 867; 1 Com., 256. And so it is held that *whenever in the progress of a cause* the plaintiff perceives that the judge or the jury is decidedly against him, or *that he will, on a future occasion,* be able to establish a better cause, *he may elect to be nonsuited.*"

In *Graham* v. *Tate*, 77 N. C., 120, PEARSON, C. J., says: " A plaintiff can, at any time before verdict, withdraw his suit, or, as it is termed, *take a nonsuit,* by absenting himself at the trial," * * * " even when the plaintiff appears at the trial, takes a part in it by challenging jurors, examining and cross-examining witnesses, and (after) the argument of his counsel, if he finds from an intimation of the court that the charge will be against him, he may submit

a nonsuit and appeal. This is every day's practice." To the same effect are *Tate* v. *Phillips*, 77 N. C., 126, and *McKesson* v. *Mendenhall*, 64 N. C., 502..

But there is another aspect of the case which may be considered in connection with the construction of the act and the objects aimed. at in its passage, even if the bonds are not "debts already audited and ascertained," to which, as declared in section four, the enactment was not intended to apply. The obvious purpose of the law is to enable those municipal bodies mentioned in it, to ascertain and make a record of its valid outstanding obligations, and to separate them from such as are spurious or tainted with illegality and denounced in the constitution.

And if as the facts found show this information, full and accurate, was already in possession of the corporate authorities of the county and spread upon its records, and the nature, amount, date and time of maturity of its indebtedness determined and made the basis of an apportionment between the counties, for what end was it needful to have a new presentation of the claims and another record of the same import? We are not disposed to give so strict an interpretation to the requirement of the act, which, as all its useful purposes are met, would be to sacrifice substance to form and convert a judicious measure of legislation into an instrument of injustice and wrong. But if a precedent demand be necessary, was it not sufficiently made in the service of the first summons, followed by a description of the debt in the complaint filed at the term of the court to which it was returnable? and is not this a substantial compliance with the demands of the act? We are, therefore, of opinion that the defence is unavailable to defeat the recovery of the plaintiff, and the judge was correct in so holding.

No error. Affirmed.