WILLIAM STRICKLAND v. W. H. DRAUGHAN.

*Petition to rehear, time of filing—Limitations.*

1. Petitions to rehear must be filed according to the requirements of Rule 12 and section 966 of THE CODE. This case falls within their provisions, and the defendant not having complied with the same, the plaintiff's motion to dismiss the petition is allowed.

2. Statute of limitations, its effect upon existing rights, and the legislative power over the remedy, touched upon.

PETITION to rehear heard at October Term, 1884, of THE SUPREME COURT.

This was a petition filed by the defendant to rehear a case in which judgment was rendered against him at February term, 1883. See report of case 88 N. C., 315.

*Messrs. Boykin & Faison* and *W. A. Guthrie*, for plaintiff.
*Mr. J. L. Stewart*, for defendant.

ASHE, J. The plaintiff moves to dismiss the petition, because it was not in apt time under the rules prescribed by this court in accordance with section 966 of THE CODE as set forth in Rule 12.

The rule reads: " A petition to rehear may be filed during the vacation succeeding the term of the court at which the judgment was rendered, or within twenty days after the commencement of the succeeding term, and upon the filing of such petition the chief justice, or either of the associate justices, may, upon such terms as he sees fit, make an order restraining the issuing of an execution, or the collection and payment of the same, until the next term of said court, or until the petition to rehear shall have been determined."

The defendant resists the motion on the ground that Rule 12 has no application to this case: that the petition is filed

under the former rule, and under that he had the whole of this term in which to file his petition, and that it was in apt time.

But we are of the opinion the objection was well taken and the motion of the plaintiff should be sustained.

It is well settled that the legislature may change the remedy, and as the statute of limitations applies only to the remedy, that it may also change that, either by extending or shortening the time; provided in the latter case a reasonable time is given for the commencement of an action before the statute works a bar.

In *Terry* v. *Anderson*, 95 U. S. Rep., 628, Chief Justice WAITE, speaking for the court, said: "This court has often decided that statutes of limitation affecting existing rights are not unconstitutional, if a reasonable time is given for the commencement of the action before the bar takes effect. *Hawkins* v. *Barney*, 5 Pet., 451; *Jackson* v. *Lamphire*, 3 Pet., 280; *Sohn* v. *Waterson*, 17 Wall., 596; *Christmas* v. *Russell*, 5 Wall., 290; *Sturges* v. *Crowninshield*, 4 Wheat., 122."

He further says in the same opinion, that parties have no more vested interest in a particular limitation which has been fixed, than they have in the form of the action to be commenced, and as to the forms of action or modes of remedy, it is well settled that the legislature may change them at its discretion, provided adequate means of enforcing the right remains. Strictly, the principle he announced applied only to the statutes of limitation.

It could have no application to this case, for there was no statute before November, 1883, giving time to parties to actions at law to file petitions for rehearing judgments rendered therein. That "any party within two terms after a judgment of this court (supreme court) may apply to have the cause reheard upon any matter of law," was simply a rule of practice adopted by this court which it had the right to alter or abrogate at any time at discretion.

That rule was changed by Rule 12, and made a statutory provision by section 966 of THE CODE, which had the effect to abrogate the former rule. But as it did not take effect until the first of November, 1883, the former rule was in operation until that time, so that the defendant had until then to file his petition under that rule. But the rule ceasing to exist at that time, according to a strict construction he had no right to file his petition after that date, though possibly under a liberal construction in accordance with the spirit of Rule 12 and section 966, his petition might have been entertained if filed within twenty days after the first of November, but he failed to file it until the 14th of December thereafter.

Our conclusion is that the petition was not filed in apt time and must therefore be dismissed.

Petition dismissed.