JAMES ROYSTER v. THE BOARD OF COMMISSIONERS OF
GRANVILLE COUNTY.

*Limitations—Municipal Corporations—Counties—Statute—
Estoppel.*

1. The statute, *The Code*, §756, requires all demands against municipal
   corporations, even where they may have once been ascertained and
   recognized, to be presented for payment to the proper officers,
   within two years after maturity, otherwise they will be barred.

2. The issuing of a duplicate order by a county, "subject to exceptions
   for fraud or irregularity" in the original, and disclaiming any re-
   sponsibility which did not attach to the said original, will not con-
   stitute a waiver of the right to the statute of limitations.

(SMITH, C. J., Dissenting).

(*Wharton* v. *Com'rs*, 82 N. C., 11, cited and distinguished; *Whitehurst*
   v. *Dey*, 90 N. C., 542, and *Strickland* v. *Draughan*, 91 N. C., 103,
   cited and approved).

This is a CIVIL ACTION, originally commenced before a jus-
tice of the peace, by summons issued the 10th day of Sep-
tember, 1883, to recover the sum of two hundred dollars,
upon the following paper, to-wit :

OFFICE BOARD COUNTY COMMISSIONERS,
$200.00.        OXFORD, N. C., 2d January, 1877.

*Ordered,* That the county treasurer pay Wm. Horsefall
two hundred dollars, for services as counsel to the board of
commissioners to date.

A true copy.            A. H. COOKE,
[L. S.]    *Register of Deeds, Clerk Ex-Officio to the Board.*
No. 326, "B."

Payment demanded.  No funds on hand.  October 14th,
1879.                ROBERT GARNER.

There was a judgment in favor of the plaintiff, from which the defendant appealed, and the action was tried before *Clark, Judge,* at the Spring Term, 1886, of GRANVILLE Superior Court.

A jury trial was waived by agreement, and issues of fact, as well as of law, submitted to the finding of the Court. There was a judgment for the defendant, from which the plaintiff appealed to this Court, and at the last term, upon motion of the plaintiff, the cause was remanded to the Superior Court of Granville, in order that additional facts be found.

At the Fall Term, 1887, of Granville Superior Court, before his Honor, Judge Shepherd, a jury was waived, and the additional facts were found, and have been certified to this Court.

There were numerous grounds of defence set out in the answer, but only two were relied on in the Superior Court, and these were:

" 1. That the plaintiff's cause of action, if any he had or have, accrued more than three years before the commencement of this action, and is barred by the statute of limitations.

2. That the supposed order or claim sued on, was not presented to the chairman of the board of commissioners of the county of Granville within two years after the maturity thereof, and the plaintiff is barred of a recovery thereof."

The facts as they appear in the original record, and the additional finding certified to this Court, so far as they are material to the consideration of this appeal, are in substance as follows:

The order sued on was purchased for value by the plaintiff of Wm. Horsefall, something more than a month after it was issued. It was presented for payment on the 14th of October, 1879, to Robert Garner, sheriff and treasurer, and

had been previously presented for payment to Jas. I. Moore, sheriff, who ceased to be such in 1877.

On the 7th day of April, 1879, an action was commenced by the plaintiff against the defendant in a justice's court for the recovery of the amount due thereon. There was a judgment and an appeal to the Superior Court, when at the Fall Term, 1882, of said Court, (being the 6th Monday after the 1st Monday in September) a judgment of nonsuit was entered against the plaintiff; that the action now pending was commenced by the plaintiff against the same defendant on the 10th of September, 1883, and both actions were brought for the recovery of the sum due on the same county order, to-wit: No. 326.

That on the 2d day of September, 1878, the defendant issued a duplicate of said order in pursuance of the following resolution, to-wit:

" *Ordered,* That a duplicate of county order No. 326, issued 2d January, 1877, payable to Wm. Horsefall, be issued to James A. Royster, said order having been lost and duly advertised ; but said duplicate of said county order No. 326 shall be subject to all exceptions for fraud or irregularity which might attach to the original, and that this board do not, in issuing said ,duplicate, assume any responsibility on behalf of the county, which would not attach to the county from the original order, and that the said Royster agrees to this in taking said duplicate."

The said duplicate was never taken out of the office by plaintiff, the original order having been found. On the 7th of January, 1879, the defendant ordered the cancellation of said order.

It was held :

" 1. That the plaintiff's cause of action accrued more than three years before the commencement of the action, and is barred by the statute of limitations.

2. That the order sued on was not presented to the board

of commissioners of Granville county within two years after the maturity thereof, and that the plaintiff is barred of a recovery thereof, and adjudged that the plaintiff take nothing by his writ, and that the defendant recover the costs of this action;" and therefore the plaintiff appealed.

*Mr. E. C. Smith*, for the plaintiff.
*Mr. A. W. Haywood*, for the defendants.

DAVIS, J., (after stating the case as above). Was the plaintiff's claim barred ? Section 756 of *The Code*, Chapter 18, entitled " County Revenues," &c., provides, that "all claims against the several counties, cities and towns of this State, whether by bond or otherwise, shall be presented to the chairman of the board of county commissioners, or to the chief officers of said cities and towns, as the case may be, within two years after the MATURITY of such claims, or the holders of such claims shall be forever barred from a recovery thereof."

It is found as a fact, and the evidence shows, that the order sued on was not presented within two years after *maturity*, and if the section referred to has any validity whatever, we are unable to see why it is not barred. It is said in *Wharton* v. *Commissioners of Currituck*, 82 N. C., 11, that the Act of 1874–'75, Chapter 243, the first section of which, without the proviso, is §756 of *The Code*, " is not in strict terms an act limiting the time within which the action may be prosecuted, but it imposes upon the creditor the duty of presenting his claim within a defined period of time, and upon his failure to do so, forbids a recovery in any suit thereafter brought." That was an action originally commenced on the 13th of June, 1878, by D. M. Carter. the intestate of the plaintiff in that action, to recover the value of certain bonds, issued by the county of Currituck, which matured on the 1st day of July, 1876. On the 11th day of November, 1878,

there was a nonsuit, and on the 15th day of February, 1879, a new action for the same cause was commenced by the administrator of Carter. It was held in that action that the statute did not bar.

The original action was brought within two years after the *maturity* of the bond, and the second action was brought within one year after the nonsuit, and was protected from the bar by what is now § 166 of *The Code,* which permits an action to be brought within one year after non-suit, &c., if the original action was commenced within the prescribed time. Much of the opinion in *Wharton* v. *Commissioners,* has reference to other provisions in the act of 1874–'5, relating to outstanding obligations of counties, and designed to enable them, as was said by the Chief Justice, " to separate such as are spurious or tainted with illegality and denounced in the Constitution;" but the section incorporated in *The Code* is of general application, not temporary in its character to meet a particular class of claims, but applies to all, and by its plain terms they must be presented within two years, or be subjected to the bar of the statute. In the case before us, the claim was not presented within the time limited before the first action was commenced, and is not protected from the operation of the statute after the non-suit by § 166 of *The Code.*

But it is insisted for the plaintiff, that the defendant is concluded by what transpired on the 2nd of September, 1878, in regard to the duplicate order. Among the numerous grounds of defence set out in the answer, it is alleged that the order was issued to Horsefall " without consideration," that it " was procured to be issued by fraud and misrepresentations," and a number of other invalidating allegations, that tend to explain and account for the otherwise inexplicable reservations in the duplicate order, but that order was never delivered, was cancelled, and cannot be fairly construed as an admission or recognition of the validity of the

order in question. It may be said that the defendant did not rely upon any fraud or illegality as indicated by the qualifications contained in the duplicate upon which the plaintiff relies as evidence. If the defendant had a perfect legal defence in the statute, it was not necessary that he should insist upon the others.

We think the right of recovery is barred by § 756 of *The Code,* and it is unnecessary for us to consider the other ground of defence relied on, or the power of the Legislature to pass the act requiring claims against counties, &c., to be presented as specified. We think the Legislature had the power. It interfered with no vested right and impaired no obligation. *Whitehurst* v. *Dey,* 90 N. C., 542; *Strickland* v. *Draughan,* 91 N. C., 103. There is no error.

SMITH, C. J., dissenting. I do not feel at liberty to put a construction on the act of 1874–'75, the first section of which, without the proviso, is introduced into *The Code,* § 756, that extends its operation to the facts of the present case. It was passed to meet an emergency in the financial affairs of the municipal bodies brought about by the late civil war and its results in their disturbed condition; and its essential purpose, as declared in the title, was to ascertain their true and real indebtedness by furnishing an opportunity of separating therefrom the illegal and spurious which were outstanding. Substantially it is thus declared in *Wharton* v. *Commissioners of Currituck,* cited in the opinion of the other members of the Court.

In terms it does not embrace the asserted demand of the plaintiff. The debt for the payment of which the order issued had been presented to the board and its correctness recognized, and the order was but a direction to the proper officer to pay it. It was therefore, as the statute required, presented and passed on favorably. Why should the debt be presented again after this action on the part of the board? Certainly

the intention cannot be reasonably imputed to the General Assembly of requiring a renewed presentation of a claim already adjudicated after its maturity, and so *toties quoties*, for every succeeding two years, under the penalty of forfeiture, when the delay in the payment was caused by the county treasurer. The statute, upon a fair construction of its terms and its obvious purposes, excludes, in my opinion, the plaintiff's demand thus already ascertained and adjudged from the requirements, and this too in the absence of any suggestion of unfair practice in bringing about the allowance of the claim, or other reason for a re-examination of the debt itself.

No error.                                    Affirmed.