E. W. GREER v. CITY OF ASHEVILLE.

*Statute Retroactive—Officer of City—Term of Office, how affected by amendment to charter of city—Appointment.*

1. A statute operates prospectively only and never retroactively unless the legislative intent to the contrary is made manifest either by the express terms of the statute or by necessary implication.

2. An amendment to the charter of a city providing that the City Marshal shall hold office during good behavior does not have the effect of enlarging the term of office of one who was previously elected to hold during the term of the aldermen.

3. The term of office of a City Marshal appointed under a charter providing that marshals should hold office during the official term of the aldermen is not enlarged from one to two years by an amendment to the charter extending the term of the aldermen from one to two years.

4. The requirement of a city charter that the aldermen shall appoint a
   marshal at their first meeting after their election is merely directory
   and their failure to make the appointment at the first meeting does
   not invalidate an appointment made at their second meeting.

APPLICATION for *mandamus*, heard before *Armfield, J.,* at
August Term, 1893, of BUNCOMBE Superior Court.

It being agreed by all parties thereto that the Court
should find the facts and pass on the same without the
intervention of a jury, his Honor found the following
facts, to-wit:

"1. That the defendant, The City of Asheville, is a
municipal corporation, chartered by an act of the General
Assembly of North Carolina and certain acts amending
the same, all of said acts being hereby made a part of
these findings of fact.

"2. That on the third day of February, 1893, the plaintiff
was duly elected a marshal of said city by virtue of the
authority conferred by the charter of said city, and that he
was duly qualified and entered upon the discharge of his
duties as such marshal, and continued to so discharge them
till the third day of June, 1893.

"3. That on the fourth day of March, 1893, the General
Assembly of North Carolina passed an act amending the
charter of the said city of Asheville, chapter 267, Private
Laws of 1893, and which is hereby made a part of these
findings of fact.

"4. That on the first Monday in May, 1893, T. W. Pat-
ton was elected Mayor of the city of Asheville, and W. W.
Jones, J. M. Westall, B. H. Cosby and H. Lamar Gudger
were elected aldermen of said city, and were duly qualified
as such and entered on the discharge of their duties as such
on the third Monday in May, 1893, and in connection with
J. M. Gudger and T. C. Starnes, who were elected on the
first Monday in May, 1891, and whose term of office did

not expire till May, 1895, constituted the Mayor and Board of Aldermen of the city of Asheville, all defendants in this cause.

"5. That said Board of Aldermen did not elect any marshals at their first meeting after their election and qualification, but did elect certain marshals on the second day of June, 1893.

"6. That after the said election of marshals on the second day of June, 1893, E. W. Greer was notified that he was no longer a marshal of said city, and his services as such when tendered were refused by the city authorities and he was not permitted to exercise the duties of said office after the said second day of June, 1893.

"7. That the plaintiff insists that he has the right to enjoy and exercise the duties, emoluments, etc., appertaining to said office, first, because the official term of the aldermen in office when he was elected, to-wit, J. M. Gudger and T. C. Starnes, had not expired, and that he was entitled to hold said office during their official term of office; second, that by the act passed by the General Assembly on March 4, 1893, the office of marshal was holdable during good behavior, and became operative from its ratification, and that he could not be deprived of said office except for the causes set forth in said act, and that no such causes were shown as not to entitle him to hold the said office; third, that no marshals were elected at the first meeting of the Board of Aldermen after the third Monday in May, 1893, and that the aforesaid act passed March 4th would confer upon him the right to said office as therein set out."

The Court held that the act did not apply to marshals holding office at the time of the passage thereof; that the official term of the aldermen meant till the next regular election after which they had been elected, and that the failure to elect at the first meeting after the qualification of

the new members of the Board, on the third Monday in May, 1893, did not prevent the election of marshals at another time, and refused to grant the *mandamus* prayed for. To all of which the plaintiff excepted and appealed.

*Mr. James H. Merrimon*, for plaintiff (appellant).
· *Messrs. W. W. Jones* and *F. A. Sondley*, for defendant.

AVERY, J.: Unless the legislative intent to the contrary is made manifest either by the express terms of the statute or by necessary implication arising out of it, it will, as a rule, be held to operate prospectively only—never retroactively. *Lowe* v. *Harris*, 112 N. C., 489; Endlich Inst. Stat., sects. 271 and 274; Sedgewick Stat. and Const. Law, p. 199; Southerland on Stat. Const., sec. 406; Endlich, *supra*, 271 and 525. There is no fact found in this case which takes it out of the general rule since the amendment to the charter was intended to affect the tenure of office not to alter the rules of evidence or procedure or to take effect remedially by arresting the pernicious consequences of enforcing an existing law.

An act of the Legislature passed after the plaintiff was inducted into office was not presumptively intended to enlarge, diminish, or in any way affect his term of office, if his tenure was definitely fixed at the date of its passage, and there is no intimation that can be fairly construed as indicating a purpose to do either. A law should be so interpreted, if possible, as to give effect to all of its provisions, and thereby carry out every object that was within the contemplation of the Legislature, if the different provisions can be so harmonized as to attain that end. Endlich, *supra*, sec. 294.

Section 20, ch. 111, Laws of 1883, provided that the marshals thereafter elected should "respectively hold their

offices during the official term of the aldermen, subject, however, to be removed at any time for misbehavior or neglect of duties." We think that the charter, before it was last amended by chapter 267, Private Laws 1893, was properly construed to fix the term of the marshal as expiring after the regular elections of aldermen. The requirement that the aldermen should elect marshals at the first meeting after their own qualification was plainly directory, and the election of the plaintiff's successor was none the less valid because it was postponed till their second session. It was not intended that the omission of the aldermen to discharge, at the prescribed moment, a duty devolved upon them by the charter should be held to tie their hands so as to prevent them from exercising their best judgment in the selection of suitable marshals for the city. It seems, however, that under the provisions of an amendment to the charter (Laws 1885, ch. 128) the aldermen hold for two years, three only of the six being elected at each annual election. When the act was passed, which fixed the terms of the marshals as expiring with "the official term of the aldermen," the aldermen were all elected for one year only (Private Laws 1883, ch. 111, sec. 20), and the amendment of 1885 cannot be fairly interpreted as extending the term of a marshal so as to make it conform to that of the aldermen holding for two years, instead of leaving him, as before, to hold only for one year. The intention of the Legislature was evidently to elect aldermen in two classes, nothing more; and if there had been any purpose to change the tenure of the office of marshal it would have been more explicitly declared. When it became desirable that they should hold during good behavior it was so provided in unequivocal terms by the Act of 1893, which was passed too late to affect the status of the plaintiff. The judgment of the Court below is                                        Affirmed.