HUGH GWYN v. T. J. COFFEY et al.

*Sale by State Commissioners—Statute Directing Time of Sale.*

1. Where a statute authorizing a sale limits the operation of the license within a designated period, a sale outside of the prescribed limits is a nullity; therefore,

2. Where, under Ch. 445, Acts of 1893, providing for the sale, by commissioners of the State's interest in a certain company and declaring that the commissioners should on or before July 1, 1893, advertise that they would on a day fixed, not less than 20 days nor more than 30 days, sell said interest, a sale made by them after the 31st day of July, 1893, is void.

CIVIL ACTION, tried before *Timberlake, J.*, and a jury at Spring Term, 1895, of CALDWELL Superior Court. The facts appear in the opinion of Associate Justice MONTGOMERY. Upon an intimation by his Honor that he could not recover, plaintiff submitted to a non-suit and appealed.

*Messrs. Geo. N. Folk, Edmund Jones* and *W. C. Newland*, for plaintiff (appellant).
*Mr. S. J. Ervin*, for defendants.

MONTGOMERY, J.: The plaintiff's counsel prepared and submitted a painstaking and learned brief upon important legal questions raised in the court below, but which

can be of no avail to their client here. His Honor held that, "it appearing from the admissions in the pleadings that the sale under which plaintiff claims was made August 3, 1893, and so admitted by his counsel in open court, the same being outside of the limit of time prescribed by the Act of the legislature for making the sale, he would hold the sale to be void." Whether or not that ruling is correct is the only question for our decision.

Chapter 445 of the Acts 1893, provides for a sale of the State's interest in the Caldwell & Watauga Turnpike Company. Section 3 of the Act fixes the time of such sale as follows: "That said commissioners shall on or before the first day of July, 1893, cause to be advertised in the *Lenoir Topic* and *The Watauga Democrat*, newspapers published at Lenoir and Boone, North Carolina, a notice setting forth that said commissioners will, on a day fixed not to be more than 30 days nor less than 20, sell for cash the State's interest in said company as herein provided." It is perfectly clear that the commissioners empowered to make the sale became *functi officio* after the last of July, 1893. There is not a line in the Act that provides for a sale after that time under any circumstances or in any contingency. They had under the Act four months in which to perform their duty, and no longer. "If the statute under which a license to sell is granted limits the operation of the license within a designated period, a sale outside of the prescribed limits is a nullity." Freeman, on Void Judicial Sales, Section 30 and cases there cited. It was suggested here as a reason why the Act as to the time within which the sale was limited should be construed as directory simply, that the commissioners might be sick, or storms or floods might occur on the day advertised for the sale, and thereby the sale become impossible. We cannot see how such conditions or mishaps

LENOIR *v.* IMPROVEMENT COMPANY.

could restore a power which had ceased to exist under the Act which gave life to the power. But we do think such possible contingencies should have put the commissioners on their guard and cautioned them against delaying the sale until near the last day of the four months allowed them by the statute. We do not see any analogy between the principle involved in this case and that in *Greer* v. *Asheville*, 114 N. C., 678. There, the city charter provided that the aldermen should appoint a marshall at their first meeting after their election. If the board failed to discharge its duty at its first meeting, it did not relieve itself of the legal obligation to do so at the next meeting, for it owed the duty at all times during their term of office to furnish the city with a proper police head and thereby administer to the safety and well being of the city.

Affirmed.