W. R. HARRELL v. THE NORFOLK AND CAROLINA RAILROAD COMPANY.

(Decided February 22, 1898).

*Action for Damages—Permanent Injury to Land by Construction of Railroad—Statute of Limitations.*

1. Before the Act of 1895 (Chapter 224) a railroad could acquire the prescriptive right to pond water on adjacent lands only by subjecting itself to an action for the injury continuously for twenty years.

2. Chapter 224, Acts of 1895, reducing the time for bringing action against a railroad company for permanent injury to land, caused by the construction or repair of defendant's road, to five years, does not apply to a suit begun before its passage.

CIVIL ACTION to recover permanent damages for injury to plaintiff's land by the construction of defend-

ant's railroad tried before *Brown, J.*, and a jury at Fall Term, 1894, of GATES Superior Court. The facts sufficiently appear in the opinion. There was judgment for the plaintiff and defendant appealed.

*Mr. L. L. Smith* for plaintiff.
*Mr. George Cowper* for defendant (appellant).

FAIRCLOTH, C. J.: This action, begun September 26, 1894, is brought to recover damages by reason of defendant's construction of its road across plaintiff's land, and thereby backing water and sobbing his cleared land. The road was completed in 1889 the defendant urges that "all the injury" resulted simultaneously with the completion of its road, and that being so, the Statute of Limitations began to run from that time, and its only exception is that his Honor refused to so charge the jury.

The evidence is that the land has been all the time and still is sobbed with back-water. This question was decided in *Nichols* v. *Railroad*, 120 N. C., 495, to which the profession is referred for the reason.

The action was for permanent damages. The Acts of 1895, Chapter 224, was passed since this action was instituted.

Affirmed.