## MARGARET O'NEILL v. MAYOR AND COMMON COUNCIL OF THE CITY OF HOBOKEN.

### Submitted December 9, 1905—Decided June 11, 1906.

1. The act of April 8th, 1903, providing for the payment of improvement certificates issued by or on behalf of any municipality, where assessments have not been collected, or where there is not sufficient of such assessments available to pay the certificates, imposes no obligation upon the municipality to pay certificates fraudulently issued by commissioners in charge of the improvement, and which do not represent either work and labor done upon or materials furnished for the improvement.

2. The repeal of a statute which confers a right of action is no bar to the further prosecution of a suit which has been brought under it, in the absence of any provision in the repealer that it shall have that effect. The act of March 27th, 1874 (*Gen. Stat., p.* 3194), preserves all such suits as fully and effectually as if the repealer had not been passed.

On demurrer to pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices HENDRICKSON and PITNEY.

For the plaintiff, *Leon Abbett.*

For the defendant, *James F. Minturn.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action is brought by the plaintiff to recover from the city of Hoboken the amount due upon certain improvement certificates issued by the Hoboken and Weehawken Drainage Commissioners in the year 1868, by authority of an act entitled "An act to provide for the drainage of certain lowlands in the city of Hoboken and the township of Weehawken," approved April 4th, 1866 (*Pamph. L., p.* 941), in payment for work done by certain persons, under a contract with the commissioners, in the construction of a drain in Ferry street, in Hoboken. The right of the plaintiff

to compel the city of Hoboken to pay the amount due on these certificates rests upon an act of the legislature approved April 8th, 1903 (*Pamph. L., p.* 514), and which is in the following words: "Where any improvement certificates may have been issued by, or on behalf of, any municipality of this state, or by any commissioners of, for, or on behalf of such municipality, under the laws of this state, and said certificates have not been paid, and the assessments from which certificates were to have been paid have not been collected, or there is not sufficient of said assessments available to pay the same, and more than ten years have elapsed since the issuance of said certificates, the same shall be considered to be, and be, a lawful indebtedness of said municipality whose payment is unprovided for, and said municipality shall be liable therefor, and shall pay the same, with the interest due thereupon, notwithstanding the date of issue of said certificates, and notwithstanding the time when the same may have become due by the terms thereof, or otherwise."

The first of the pleas demurred to sets up, as a defence to the plaintiff's right of recovery, the statute of limitations, averring that the cause of action did not accrue to the plaintiff at any time within sixteen years next before the commencement of the suit. The question raised by this plea has already been before us for consideration and determination upon a demurrer to the plaintiff's declaration. One of the grounds of that demurrer was that the act of 1903 was void, so far as it related to the present case, because it attempted to deprive the defendant of a vested right by reviving a claim against it which was barred by the statute of limitations. The conclusion reached by us was that the legislature had power, when it passed the act of 1903, to create against the city a legal obligation to pay the plaintiff's claim, and that consequently there was no statute of limitations to bar that claim. *O'Neill* v. *Hoboken,* 43 *Vroom* 67. We see no reason to depart from the view which we then expressed.

The demurrer to this plea must be sustained.

The next plea demurred to avers that the improvement certificates upon which the plaintiff sues were fraudulently and

illegally issued by the commissioners, and did not represent either work, labor or materials supplied to the work which the commissioners had undertaken to perform, and are therefore without consideration and void. The first ground upon which the demurrer to this plea is based is that "said plea does not state the facts and circumstances to sustain the allegation that the certificates were fraudulently and illegally issued." In other words, that it does not sufficiently apprise the plaintiff of the substantial case to be made against her. But, assuming the pleading to be defective in this regard, it is good on general demurrer, the defect being one of form and not of substance. *Van Horn* v. *Central Railroad Co. of New Jersey,* 9 *Vroom* 133, 140; *Race* v. *Easton and Amboy Railroad Co.,* 33 *Id.* 536. It is further alleged against the plea that, as the plaintiff's right of action is based not alone upon the certificate, but on the statute of 1903 as well, the allegation of fraud is no defence to the suit. This contention seems to us unsound. The statute appealed to imposes upon the municipality a liability to pay only such certificates as were issued by the commissioners *on its behalf.* The legislative intent to be gathered from this enactment, as was pointed out by us in the earlier opinion in this case, is that when, under contracts for compensation entered into by some public agency, private parties have rendered service or expended money in an enterprise which is beneficial to a particular municipality, the outstanding debts incurred therefor in the form of improvement certificates shall be a lawful indebtedness of the municipality concerned. That is to say, the liability imposed upon the municipality by the statute is limited to the payment of such certificates as have been issued for work done or moneys expended for its benefit.

The demurrer to this plea must be overruled.

The last of the pleas demurred to sets up, as a defence to the action, the passage by the legislature, on the 16th day of May, 1905, of a repealer of the act of April 8th, 1903, upon which the plaintiff's case is founded. The following is the language of the repealer: "Be it enacted by the senate and general assembly of the state of New Jersey: 1. The act en-

titled 'An act, &c.,' approved April eighth, nineteen hundred and three, be and the same is hereby repealed. 2. This act shall take effect immediately." *Pamph. L.* 1905, *p.* 467. It is to be observed that this repealer is silent with relation to the effect to be given to it upon pending litigation. It must therefore be construed in connection with the twenty-seventh section of the general act relating to statutes, passed March 27th, 1874 (*Gen. Stat., p.* 3194), which declares that "the repeal of any statutory provision * * * by any act of the legislature hereafter passed shall not affect or impair * * * any proceeding, suit or prosecution had or commenced in any civil cause before such repeal shall take effect; but every such prosecution had or commenced shall remain in full force and effect to all intents and purposes as if such statutory provision so repealed had remained in force." The present suit was begun, as appears from the record, in May, 1903. It is therefore not affected by the repealer of 1905.

The demurrer to this plea must be sustained.

As neither party has been wholly successful upon these demurrers, neither will be allowed costs.