## C. B. MOORE v. CITY OF CHARLOTTE.

(Filed 25 January, 1933.)

**Limitation of Actions A e—Action against city for value of sewer system appropriated by city is barred within two years.**

> Under the provisions of Michie's N. C. Code of 1931, 442, an action against a city to recover the value of a sewer system installed by the plaintiff and taken over by the city upon extension of its limits is barred after the lapse of two years from the accrual of the cause of action, and the bar is not affected by the payment by the city for certain pipe taken up and salvaged by the city when no claim therefor had been filed by plaintiff as the statute requires.

APPEAL by plaintiff from *Grady, J.,* at January Special Term, 1932, of MECKLENBURG. Affirmed.

This is an action brought by plaintiff against defendant to recover $3,700. The allegations in the complaint are: (1) That the defendant promised to pay the plaintiff for the property put in the development when the territory was taken into the city limits. (2) That the defendant wrongfully appropriates and uses the plaintiff's water mains and sewers. (3) That the city of Charlotte has appropriated private property for a necessary public use, without paying for the same and without condemnation.

In the case on appeal to this Court the facts were agreed upon. It is stated in the agreed facts: "The only question arising in this case, and presented to the Supreme Court, upon appeal, is whether or not

the plaintiff's cause of action is barred by the statutes of limitation." We think the only agreed facts necessary to be considered for a decision of this cause is as follows: "The corporate limits of the city of Charlotte were extended on 1 January, 1928, pursuant to an act of the General Assembly, so as to embrace and include all of said development, including the water and sewer systems above referred to. All of said water and sewer lines laid in the streets as indicated on the plat hereinbefore referred to. The plaintiff, C. B. Moore, testified that when said water and sewer systems were installed within said development, that there was a verbal agreement between himself and W. Edward Vest, superintendent of water system of city of Charlotte, that whenever the corporate limits of the city of Charlotte were extended so as to embrace and include said systems, that said city would pay to the plaintiff the value of said two systems. He further testified that when the corporate limits were extended on 1 January, 1928, he went to Mr. Vest and demanded that they pay him for said water and sewer systems, in accordance with said oral contract, which demand was refused by the said Vest. He testified that said demand was not in writing; and that he also appeared before the board of aldermen of the city and it refused payment, and he told them that he expected them to pay for the sewer and water lines; that sometime during the year 1928 Mr. Vest told him they were not going to pay anybody until the Abbott suit and other suits were decided; that if the Abbott suit went against the city then they would pay the plaintiff and others who were in similar positions. That after the Abbott suit was decided sometime during 1930, he again went to Vest and the commissioners, and was told by them that they had decided not to pay anybody. It was admitted that this action was started on 22 August, 1930. The plaintiff did not give any written notice of his claim to any of the authorities of the city of Charlotte. The plaintiff further testified that about a year and a half after 1 January, 1928, sometime in the spring of 1930, the defendant paid him $128.00, for pipe which had been laid within said development, and which was taken up and salvaged by the city of Charlotte; he testified that this was water pipe which the defendant took up and replaced with other pipe."

The agreed statement further shows: "The court being of the opinion that the plaintiff's cause of action was barred by the statute of limitations, and pleaded in the answer, a judgment of nonsuit was entered, to which the plaintiff objected and excepted, and appealed to the Supreme Court. This is the sole exception relied upon by the plaintiff, and is embraced within the following assignment of error: 'That his Honor erred upon the closing of the defendant's evidence in dismissing the case and signing the judgment of nonsuit, as appears in the record.' "

*J. F. Newell and Geo. W. Wilson for plaintiff.*
*Bridges & Orr for defendant.*

CLARKSON, J. Where the defendant properly pleads a statute of limitations the burden is on the plaintiff to show that the action was brought within the time limit fixed by the statute pleaded, or in other words it is not barred by the statute that is pleaded. *Tillery v. Lumber Co.,* 172 N. C., 296; *Marks v. McLeod,* 203 N. C., at p. 258-9.

Plaintiff contends: "The only question arising in this case, and presented to the Supreme Court upon appeal, is whether or not the plaintiff's cause of action is barred by the statute of limitations." We think it is.

The extension of the city limits was 1 January, 1928. The commencement of plaintiff's action was 20 August, 1930, a period of 2 years, 7 months and 19 days.

N. C. Code, 1931 (Michie), 442, is as follows: "Within two years—All claims against counties, cities and towns of this State shall be presented to the chairman of the board of county commissioners, or to the chief officers of the cities and towns, within two years after the maturity of such claims, or the holders shall be forever barred from a recovery thereon."

"The obvious purpose of the law is to enable those municipal bodies mentioned in it to ascertain and make a record of its valid outstanding obligations, and to separate them from such as are spurious or tainted with illegality and denounced in the Constitution." *Wharton v. Commissioners,* 82 N. C., 12, 16. "This is a statute of limitation, and such claims against the county should be presented within two years after maturity." *Lanning v. Commissioners,* 106 N. C., 505, 511. *Board of Education v. Greenville,* 132 N. C., 4; *Dockery v. Hamlet,* 162 N. C., 118. The pipe payment is of no avail to plaintiff as plaintiff presented no claim under the statute. *Abbott Realty Co. v. Charlotte,* 198 N. C., 564, and *Stephens Co. v. Charlotte,* 201 N. C., 258, are distinguishable from this action.

As to *tort actions* "no action for damages against said city of any character whatever to either person or property," etc. Chap. 251, sec. 15, Private Laws of 1911. The time limit in the above act is six months in which to give notice "date and place of happening or infliction of such injury," etc. The above cited law, *supra,* relates to the city of Charlotte, N. C. *Woods v. Durham,* 200 N. C., 608.

Again defendant contends: "All rights and privileges exercised by defendant over plaintiff's property are granted in a written contract between plaintiff and defendant." It is not necessary to consider this defense of the city as to this aspect.

From the record it appears that plaintiff "has slept" on what rights, if any, he had. The defendant was not bound to do so, but pleads the statute, *supra,* which we think available in this action. The judgment of the court below is

Affirmed.