## VALLEYTOWN TP. et al. v. WOMEN'S CATHOLIC ORDER OF FORESTERS.

No. 4675.

Circuit Court of Appeals, Fourth Circuit.

Nov. 12, 1940.

Silas G. Bernard, of Asheville, N. C., for appellants.

David H. Henderson and D. E. Henderson, both of Charlotte, N. C., for appellee.

Before SOPER, DOBIE, and NORTHCOTT, Circuit Judges.

SOPER, Circuit Judge.

The holder of certain unpaid coupons upon bonds issued by the Board of County Commissioners of Cherokee County, North Carolina, in behalf of Valley Township, brought suit to recover the face value of the coupons with interest. The defendants set up the defense that all of the claim that became due on or before January 1, 1935, was barred by § 442 of the North Carolina Code of 1919 which provides that all claims against counties, cities and towns of the state shall be presented to the Board of County Commissioners or to the chief officer of the cities and towns, within two years after maturity, or the holders shall be forever barred from a recovery there-

on. The District Judge overruled this defense and rendered judgment for $8,800 and interest, the full amount of the claim. He was of the opinion that the case was ruled by Chapter 359 of the Act of March 22, 1937, which amended § 442 of the Code so as to provide that it shall not "apply to claims based upon bonds, notes and interest coupons". See § 442 of the North Carolina Code of 1939. Renewing their contention in this court, the defendants complain that the judgment was excessive in that it included the sum of $3,850 represented by interest coupons which became due and payable more than two years prior to March 22, 1937, when the Act of 1937 was ratified; and, therefore, the question involved in this appeal is whether under the North Carolina decisions the Act of 1937 should be given a retroactive effect so as to revive the right of action on coupons that were barred when the act was ratified.

■ The rule is firmly established in this country that a vested right, such as the title to property, acquired through the operation of a state statute of limitation, cannot be disturbed by later legislative action without violation of the due process clause of the Fourteenth Amendment of the Federal Constitution. Campbell v. Holt, 115 U.S. 620, 624, 6 S.Ct. 209, 29 L.Ed. 483; Stewart v. Keyes, 295 U.S. 403, 417, 55 S.Ct. 807, 79 L.Ed. 1507; Peiser v. Griffin, 125 Cal. 9, 57 P. 690; Dolenty v. Broadwater County, 45 Mont. 261, 122 P. 919; Breckenridge Cannel Coal Co. v. Scott, 121 Tenn. 88, 114 S.W. 930; Tennessee Coal, Iron & R. Co. v. McDowell, 100 Tenn. 565, 47 S.W. 153. There is division of authority, however, on the question whether the fall of the bar against an action vests a right of immunity, that is protected by the same clause in the Federal Constitution, when the demand is on contract and the title to property is not involved. See the discussion in the majority and minority opinions of the Supreme Court in Campbell v. Holt, supra. Some state decisions follow the rule, approved in the minority opinion in Campbell v. Holt, supra, that a defense acquired under a statute of limitation is a vested right which is beyond the power of the legislature to disturb whether or not a right of property is involved in the claim. Board of Education v. Blodgett, 155 Ill. 441, 40 N.E. 1025, 1027, 31 L.R.A. 70, 46 Am.St.Rep. 348; Lawrence v. City of Louisville, 96 Ky. 595, 29 S.W. 450, 451, 27 L.R.A. 560, 49 Am.St.Rep. 309; Eingartner v. Illinois Steel Co., 103 Wis. 373, 79 N.W. 433, 74 Am.St.Rep. 871; Rockport v. Walden, 54 N.H. 167, 173, 20 Am. Rep. 131. Other cases reach the same result by interpreting the amendment to apply prospectively only, either on the ground that a retroactive interpretation would be unconstitutional under the State Constitution, or under the rule of construction that a statute will not be given retroactive effect unless the legislature clearly so provides. Bussey v. Bishop, 169 Ga. 251, 150 S.E. 78, 80, 67 A.L.R. 287; Fullerton-Krueger Lumber Co. v. Northern Pacific R. Co. 266 U.S. 435, 45 S.Ct. 143, 69 L.Ed. 367; Hopkins v. Lincoln Trust Co., 233 N.Y. 213, 135 N.E. 267; Rhodes v. Cannon, 112 Ark., 6, 164 S.W. 752. On the other hand, there are decisions which hold with the majority opinion in Campbell v. Holt, supra [115 U.S. 620, 6 S.Ct. 213, 29 L.Ed. 483], that no one has a vested right to rely on a statute of limitation to defeat a debt or other personal obligation, and therefore no vested right is violated in such a case "when the legislature says time shall be no bar, though such was the law when the contract was made." Jackson Hill Coal & Coke Co. v. Board of Commissioners of Sullivan County, 181 Ind. 335, 104 N.E. 497; Sleeth v. Murphy, Morris, Iowa, 321, 41 Am.Dec. 232; Orman v. Van Arsdell, 12 N.Mex. 344, 78 P. 48, 67 L.R.A. 438; McEldowney v. Wyatt, 44 W.Va. 711, 30 S.E. 239, 45 L.R.A. 609, and note.

■ The instant case must be decided in accordance with the law of North Carolina. It is conceded that under this law a state statute which seeks to revive a claim, barred by a statute of limitation, against a vested right of property, violates Article 1 § 17 of the State Constitution which provides that "no person ought to be * * * deprived of his life, liberty or property, but by the law of the land". It violates also, in the view of the Supreme Court of North Carolina, the due process clause of the Fourteenth Amendment of the Federal Constitution. In Booth v. Hairston, 193 N.C. 278, 136 S.E. 879, 57 A.L.R. 1186, where a right of property was involved, the court quoted with approval from Campbell v. Holt, 115 U.S. 620, 623, 6 S.Ct. 209, 29 L.Ed. 483, the following passage which relates to the disturbance of vested rights by the suspension or repeal of a limitation statute, and in Wilkes County v. Forester, 204

N.C. 163, 168, 167 S.E. 691, 694, which involved the very same question, the same passage was quoted in the following terms: "In Campbell v. Holt, 115 U.S. [620] at page 623, 6 S.Ct. 209, 211, 29 L.Ed. 483, it is said: 'It may, therefore, very well be held that, in an action to recover real or personal property, where the question is as to the removal of the bar of the statute of limitations by a legislative act passed after the bar has become perfect, such act deprives the party of his property without due process of law. The reason is, that, by the law in existence before the repealing act, the property had become the defendants'. Both the legal title and the real ownership had become vested in him, and to give the act the effect of transferring this title to plaintiff, would be to deprive him of his property without due process of law.' See Dunn v. Beaman, 126 N.C. [766] at page 770, 36 S.E. 172.' Booth v. Hairston, 193 N.C. [278] at page 286, 136 S.E. 879, 883, 57 A.L.R. 1186. Although the Campbell Case, supra, is not applicable to the facts in this action, it has been frequently cited to sustain them."

Following this statement the court quoted from its own decision in Dunn v. Beaman, 126 N.C. 766, 770, 36 S.E. 172, 173, as follows: "The ruling that, though a debt is barred by the statute of limitation, the legislature may remove the bar by repealing the limitation after it has accrued, is within the reasoning of Pearson, C. J., in Hinton v. Hinton, 61 N.C. 410, and is sustained by Justice Miller in Campbell v. Holt, 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483, decided in 1885; the court in the latter case holding that this is true as to a debt, though not as to the title to property which has ripened, because time does not pay the debt, but time may vest the right of property. On the other hand, it has been held by the supreme court of this state (1884) in Whitehurst v. Dey, 90 N.C. 542, that the legislature cannot revive a right of action as to a debt when it has become barred by the lapse of time; though it is true the decision was not necessary to the disposition of that case. The point is an interesting and important one, but it is not necessary that we pass upon it, for there is no state of facts to which it is applicable."

From these references to Campbell v. Holt, supra, in the North Carolina cases, the plaintiff in the pending case infers that the state court has adopted the distinction drawn in that case between claims hostile to vested rights and claims based on contract, and also the conclusion drawn therefrom that claims of the sort first mentioned cannot be revived by legislative act, but the latter may be, even when barred by limitations.

This inference, we think, is not tenable when the trend of the North Carolina decisions as a whole is considered. It was distinctly held in Whitehurst v. Dey, 90 N. C. 542, that an action on open account barred by limitations was not revived by a statute enacted after the bar had fallen. The court held that a reasonable interpretation of the act would confine it to claims that had not already become barred, and that such must be assumed to have been the intention of the legislature under the rule that where two reasonable constructions can be made, one constitutional and the other unconstitutional, the former will be applied. The court said (90 N.C. pages 545, 546):

"If, however, we are compelled by the general words used to extend the enactment so as to embrace claims which had become remediless by action at the time of its passage, and impart new life and activity to the obligation, we should be disposed to hold its operation in these cases to be an impairment of vested rights and as falling within the inhibition of the federal constitution, notwithstanding the doubt expressed by Mr. Justice Reade in Pearsall v. Kenan, 79 N.C. 472 [28 Am.Rep. 336], based upon the ruling in Hinton v. Hinton, Phil., 410 [61 N.C. 410].

"The adjudications in the states are numerous to the point that while the legislature may extend the time or shorten it, leaving a reasonable interval, in which the plaintiff may and must pursue his remedy against his delinquent debtor before the statutory bar becomes complete and effective for the protection of the debtor, it cannot expose him to an action and the recovery of a demand by an act of legislation passed after the statutory bar has become a full defence. As the obligations of a contract cannot be impaired to the prejudice of the creditor, so the liabilities of the defendant under it cannot be increased by a subsequent act of state legislation.

"The principle is thus laid down by a recent author and fortified by references to many adjudications. 'Statutes of limitation relate only to the remedy and may be altered or repealed before the statutory bar has become complete, but not after, so as to defeat the effect of the statute in

extinguishing the rights of action.' Wood Lim., ch. 1, § 11; McKinney v. Springer, 8 Blackf. (Ind.) 506; Davis v. Minor, 1 How. (Miss.) 183 [28 Am.Dec. 325], in an elaborate opinion by Chief Justice Starkey; Terry v. Tubman, 92 U.S. [156], 158 [23 L.Ed. 537]; Terry v. Anderson, 95 U.S. 628 [24 L.Ed. 365]."

This ruling, so far as we are aware, has never been departed from. On the contrary, it was referred to with approval in Wilkes County v. Forester, 204 N.C. 163, 169, 167 S.E. 691; and while this case involved vested rights of property, the court expressed approval of the application of the same rule to claims based on contract. The court said (204 N.C. page 170, 167 S.E. page 695):

"In 36 A.L.R. supra, at page 1319, we find: 'There are many cases holding that where the right to collect a debt is barred by the Statute of Limitations, the legislature has no power to revive the right of action'—citing Whitehurst v. Dey, supra.

"Whatever may be the holdings in other jurisdictions, we think this jurisdiction is committed to the rule that an enabling statute to revive a cause of action barred by the statute of limitations is inoperative and of no avail."

█ We conclude that the distinction between claims affecting vested rights and claims arising under contract is not recognized in North Carolina in respect to the question involved in this case. But another contention, based on the fact that the obligations in suit were issued by a municipal corporation, is made by the plaintiff. Such a corporation, it is pointed out, is a political sub-division of the state government which derives its existence and its powers from the state. Hence it is within the power of the state to direct its agency to pay any just and equitable claim, even though it would not be otherwise enforceable in the courts of law. This rule was laid down in New Orleans v. Clark, 95 U.S. 644, 24 L.Ed. 521, and it has been given effect in various states in passing upon statutes which revived claims against municipalities that had become barred through lapse of time. Such statutes, it is held, do not violate any constitutional inhibition or interference with any vested right since they merely represent the command of the supreme governmental authority to its agent that it recognize its just obligations and forego the defense of limitations. See Caldwell County v. Har-

bert, 68 Tex. 321, 4 S.W. 607; State v. City of Aberdeen, 34 Wash. 61, 74 P. 1022; State ex rel. McCullough v. Seattle, 60 Wash. 241, 110 P. 1008; Jackson Hill Coal & Coke Co. v. Board of Commissioners, 181 Ind. 335, 104 N.E. 497; In re Heinemann's Will, 201 Wis. 484, 230 N.W. 698; O'Neill v. Hoboken, 73 N.J.L. 189, 63 A. 986. Cf. Theis v. County Commissioners, 22 Okl. 333, 97 P. 973; Kinsman v. Cambridge, 121 Mass. 558.

Although this doctrine does not seem to have been passed upon in North Carolina, we shall assume that it is in harmony with the law of the state. Constitutional difficulties are therefore removed, but we must still inquire whether a retrospective application of the statute was intended by the legislature. On this point the statute is silent, and we have no information aliunde as to the causes which led to its enactment or the objects which it was intended to accomplish. We must therefore be governed by the rules of statutory interpretation that prevail in the state.

The Supreme Court of North Carolina adheres firmly to the rule which prefers prospective to retrospective application. In Hicks v. Kearney, 189 N.C. 316, 319, 127 S.E. 205, 207, the court said: "'There is always a presumption that statutes are intended to operate prospectively only, and words ought not to have a retrospective operation unless they are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature cannot be otherwise satisfied. Every reasonable doubt is resolved against a retroactive operation of a statute. If all of the language of a statute can be satisfied by giving it prospective action, only that construction will be given it. Especially will a statute be regarded as operating prospectively when it is in derogation of a common-law right, or the effect of giving it retroactive operation will be to destroy a vested right or to render the statute unconstitutional.' 25 R.C.L. 787; Black on Interpretation of Laws, 252. In Greer v. Asheville, 114 N.C. 678, 19 S.E. 635, it is said: 'Unless the legislative intent to the contrary is made manifest either by the express terms of the statute or by necessary implication arising out of it, it will, as a rule, be held to operate prospectively only—never retroactively'".

See, also, Vanderbilt v. Atlantic Coast Line R. R. Co., 188 N.C. 568, 125 S.E. 387, 52 A.L.R. 287.

In that case and in Roberson v. Matthews, 200 N.C. 241, 156 S.E. 496, the rule was applied to a statute which provided that the conditions of a mortgage should be conclusively presumed to have been met fifteen years after the time transpired for their performance; see, also, Dixie Grocery Co. v. Hoyle, 204 N.C. 109, 167 S.E. 469. Similarly an act limiting the time for bringing action against a railroad company for damages to real property was held not to bar actions begun before enactment. Nichols v. Railroad Company, 120 N.C. 495, 26 S.E. 643; Harrell v. Railroad Co., 122 N.C. 822, 29 S.E. 56; and an amendment to the code abolishing an earlier provision limiting the time for restoring burnt records was held to apply prospectively only. Varner v. Johnston, 112 N.C. 570, 17 S.E. 483. No sufficient reason appears to prevent the application of the rule to statutes of limitation, or statutes requiring notice within a certain period after maturity, when claims against municipalities are involved.[1] Indeed the rule has been applied in construing statutes of other kinds affecting municipalities when a retrospective application would have been against their interests. Greer v. Asheville, 114 N.C. 678, 19 S.E. 635; Board of Commissioners v. Blue, 190 N.C. 638, 130 S.E. 743.

The plaintiff also relies on certain statements of the court in Wharton v. County Commissioners, 82 N.C. 11, 16, and Moore v. Commissioners, 87 N.C. 209, 215, as indicating that notice of a claim against a municipality need not be given under the statute if the corporate authorities had actual knowledge of the obligation; but the later cases of Royster v. Commissioners, 98 N.C. 148, 3 S.E. 739, and Board of Education v. Town of Greenville, 132 N.C. 4, 43 S.E. 472, settle the law that the protection of the statute extends to the county in the instant case.

The judgment of the District Court is reversed and the case is remanded for a new trial in accordance with this opinion.

Reversed and remanded.

---

[1] Whether the statute under consideration is strictly speaking a statute of limitation has given rise to some discussion in the courts of North Carolina; but it is obvious that in any event it is so similar to a statute of limitation that for the purposes of this case it may be so regarded. See Wharton v. County Commissioners, 82 N.C. 11; Royster v. Commissioners, 98 N.C. 148, 3 S.E. 739; Dockery v. Hamlet, 162 N.C. 118, 78 S.E. 13; Moore v. Charlotte, 204 N.C. 37, 167 S.E. 380.