THE STATE, ELIAS H. BIRD, PROSECUTOR, v. JOHN
JOHNSON.

1. A legislative enactment "that the term of the office of city collector in any city of the third class shall be three years," is plainly prospective and does not enlarge the term of one elected before its passage.
2. The acceptance by the incumbent of an office of a nomination for election thereto for a term that covers part of his tenure, is not a resignation and does not create a vacancy in the office.

On demurrer to information.

Argued at February Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the demurrant, *Charles A. Reed.*

For the relator, *John P. Stockton.*

The opinion of the court was delivered by

GARRISON, J.   This is a contest over the office of collector of the city of Plainfield.   The course of pleading establishes the following facts : In December, 1892, John Johnson, the defendant, was elected to the office of collector for the term of one year, viz., from. January, 1893, to January, 1894.   In March, 1893, the legislature enacted "that the term of the office of city collector in any city of the third class shall be three years."   Plainfield was a city of the third class.

In December, 1893, at the regular charter election, Johnson was again elected to the office.   If the act of 1893 was purely prospective, this election was for a term of three years, viz., from January, 1894, to January, 1897 ; whereas, if that act operated to enlarge the term of the then incumbent from one year to three, this election would be invalid, inasmuch as such term would not have expired until January, 1896.

Thus is presented the first question raised by the present contestants.

The manner in which the question practically arose was this: In advance of the December election in 1895, the common council took the advice of its corporation counsel as to whether there would be a vacancy in the office of collector to be then filled, or whether the term of Johnson was for three full years. Corporation counsel advised that an election be held in December, 1895, to fill the office. The election was accordingly held, and the relator, Elias H. Bird, was elected over Johnson, the incumbent, who had been nominated by petitions, and had, in writing, accepted the same.

This course of events gave rise to the second question in the case, viz., whether assuming that no vacancy existed prior to Johnson's nomination, his acceptance of candidacy was, in effect, a resignation from office by which a vacancy was created. We think that the legislative purpose expressed in the act of 1893, did not enlarge or in any wise affect the term of an officer elected previous to its passage. The legislature was dealing with an elective office by simply altering its duration. In the absence of anything to the contrary, the presumption is that it was a rule of conduct for the election of such officers for the term so indicated. In fine, that it was a purely prospective provision regulative of the terms of said office for the future. If, in addition, its object had been to bestow upon an existing placeman a term of office in excess of that to which he had been elected, some indication of such a purpose would appear in its context. The power of the legislature, by bare fiat, to fill a municipal office for a term to which the incumbent was not elected, may be granted without casting a shadow of doubt upon the proposition that such a purpose, to be operative, must be discoverable in the language of the lawmaker. Unless this be so, the legislature, whenever it changes the term of any office, either ousts an incumbent chosen for a longer term or retains one for a term to which he was not elected. I do not find that such a rule has been anywhere applied to officers chosen under a system of popular election. On the contrary, the established doctrine is that an incumbent may be legislated out of a term to which he was elected or

into a term to which he was not elected, only when the purpose so to do is found in the language of the statute. The cases of *Farrell* v. *Pingree*, 16 *Pac. Rep.* 843, and *Greer* v. *Asheville*, 19 *S. E. Rep.* 635, are illustrations of recent applications of this view.

The remaining question, viz., whether Johnson, by accepting the nomination in 1895, resigned or otherwise vacated his office, appears to have been answered in the negative by this court upon two several grounds. First, upon the general principle that a resignation unaccepted by the proper authority does not vacate the office. *State* v. *Ferguson*, 2 *Vroom* 107 ; *Love* v. *Jersey City*, 11 *Id.* 456, 459 ; *Whitney* v. *Van Buskirk*, *Id.* 463 ; *Bolton* v. *Good*, 12 *Id.* 296, 298 ; *Townsend* v. *School Trustees, Id.* 312, 315 ; *Greene* v. *Freeholders of Hudson*, 15 *Id.* 388, 390.

Under the charter of the city of Plainfield, the proper authority to accept the defendant's resignation was the common council. No resignation was tendered to that body. If Johnson had been elected, other questions might arise, but in view of his defeat, the resignation imputed to him would; at most, have been an ineffectual attempt to abandon his office. The precise point was, however, passed upon in *Bolton* v. *Good*, 12 *Vroom* 296. In that case, one Ackerman, who had been elected to a term of three years, resigned at the end of one year. Good was elected to the office. At the end of what would have been Ackerman's term, Good became a candidate and was elected. After the expiration of what would have been Good's term of three full years, Bolton claimed to have been elected, and, by a *quo warranto*, sought the office upon the ground that at the time of Good's election there was no vacancy in the office.

In disposing of this branch of the case, Mr. Justice Van Syckel says : " There was no resignation by Good prior to his election in December, 1876, and if there had been, there was no acceptance of it by competent authority." In fact, the trend of judicial opinion is that if an officer be elected to a term of which he is still the incumbent, the effect is not to

vacate his legal term, but, on the contrary, to render void his election upon the ground that if his candidacy at the new election could be treated as a resignation and his election an acceptance of it, it would enable every officer to seek for favorable periods for extending his term of office without regard to the expressed will of the people in fixing his original tenure.   *Coutant* v. *People,* 11 *Wend.* 511.

Upon both reason and authority, the question therefore appears to be definitively settled in this court.

The demurrer interposed by the defendant is sustained, with costs.