WILLIAM A. SPENCER, PROSECUTOR, v. MIDDLESEX COUNTY BOARD OF TAXATION AND FRANK M. DEIMER, RESPONDENTS.

Argued July 27, 1920—Decided November 3, 1920.

1. Where a person is in possession of an office, and the governing body unlawfully elects his successor, and thereby threatens to disturb him in the enjoyment thereof, *certiorari* is the proper remedy to review such action.
2. The title of "An act for the assessment and collection of taxes" indicates a legislative design to create all of the machinery reasonably necessary or desirable for the assessing of taxes and the collection thereof; and the creation of a county tax board is just as clearly indicated in the title of the act as is the creation of any other machinery necessary or requisite to the carrying into effect of the primary object of the enactment.
3. The act of 1906 (*Pamph. L., p.* 210) creating county tax boards was not repealed by the Tax revision of 1918.
4. Retroactive effect will not be given to a statute when the words in it can be construed as designed to make it prospective only.
5. The supplement of April 30th, 1920, to the Tax act (*Pamph. L., p.* 613), providing that the secretary of the county tax boards shall hold office during good behavior, does not operate to extend the term of office of a secretary of a county tax board, who was an incumbent of that office at the time of the enactment of the statute.

On *certiorari.*

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the prosecutor, *William A. Spencer,* attorney *pro se,* and *Josiah Stryker.*

For the respondents, *John P. Kirkpatrick* and *Merritt Lane.* A brief was also submitted by *Harry Heher* by permission of the court as *amicus curiæ.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The prosecutor was appointed by the Middlesex county board of taxation as its secretary on

the 5th day of May, 1919, for a fixed and definite term which expired on the 1st day of May, 1920. The board which appointed him went out of existence on the latter date. Its successor organized under the statute on the 3d day of May, 1920, and immediately after organization passed the following resolutions: (1) "*Resolved,* That Frank M. Deimer be and is hereby employed as the secretary of the Middlesex county board of taxation for the term of one year." (2) "*Resolved,* That William A. Spencer, formerly employed as secretary of the Middlesex county board of taxation, be and he is hereby directed to at once turn over to the board all books, papers, records and all property now in his possession or control, by at once placing the same in the possession of the president of the board."

Notwithstanding the adoption of these resolutions, the prosecutor, Mr. Spencer, continues to hold the office of secretary of the board, and seeks by this writ to have the resolutions above recited vacated and declared to be null and void. The ground upon which he attacks them is that, by force of an act of the legislature passed over the governor's veto on the 30th of April, 1920 (*Pamph. L., p.* 613), and entitled "A supplement to an act entitled 'An act for the assessment and collection of taxes,' approved April 8th, 1903," he has a right to hold his office during good behavior, notwithstanding the fact that the appointment under which he became its incumbent was for a fixed and definite term. The language of the statutory provision appealed to is that "The secretary appointed by the several county boards of taxation shall hold office during good behavior, efficiency and residence in the county where employed, and no such person shall be removed from any such office for political reasons, or for any other cause than incapacity, misconduct, non-residence or disobedience to just rules or regulations established or which may be established by any such county board of taxation."

Before dealing with the fundamental matters argued by counsel, a preliminary question requires consideration, and that is whether the writ of *certiorari* can be resorted to for the purpose of determining whether Mr. Spencer is entitled

to hold his office after the expiration of the term for which he was originally appointed, notwithstanding the fact of the appointment of his successor by the county board of taxation. This question received consideration by this court in the case of *Bradshaw* v. *City Council of Camden*, 39 *N. J. L.* 416, and it was there held that, although if the title of a claimant in possession of the office was to be tried, it would be necessary to resort to a *quo warranto,* nevertheless, where a person is in possession of an office, and the common council unlawfully elects his successor, and thereby threatens to disturb him in the enjoyment thereof, *certiorari* is the proper remedy to review such action. This doctrine was affirmed by the Court of Errors and Appeals in the case of *Murphy* v. *Freeholders of Hudson County,* 92 *Id.* 244. The right of the prosecutor, therefore, to pursue this remedy must be conceded.

Passing to the fundamental matters involved in the case, it is contended by the respondents that the act of 1920 is unconstitutional, for the reason that its title fails to disclose that the legislative purpose was to deal with the terms of office of secretaries of the several county tax boards. We consider this contention to be unsubstantial. The title of the primary act —that is, "An act for the assessment and collection of taxes," indicates a legislative design to create all of the machinery reasonably necessary or desirable for the assessing of taxes upon the real and personal property in the state legally liable to taxation, and for the collection of such taxes when assessed. *Snipe* v. *Shriner,* 44 *N. J. L.* 206. The creation of a county tax board (if it be created by the act), whose function is to pass upon the validity of taxes when assessed, and the vesting of power in the board to appoint such agents as are required for the purpose of enabling it to properly exercise that function, is just as clearly indicated in the title of the act as is the creation of any other machinery necessary or requisite to the carrying into effect of the primary object of the enactment. And it is equally true that a supplement to such an act, and which deals with such machinery, expresses that purpose in its title.

It is further contended that the act is unconstitutional be-cause it is a supplement to a non-existing statute, the Tax act of 1903 having been repealed by the Tax revision of 1918. The argument is that the latter act is a complete revision of the method of assessment and collection of taxes in this state, and, consequently, supersedes the earlier statute, repealing it *in toto* by necessary implication. This contention, however, seems to us to be based upon a false premise. The act of 1903 as originally passed contains no provision for the creation of county tax boards, with the machinery necessary for their sat-isfactory operation. Those boards were created by a supple-ment to the act passed in 1906. *Pamph. L., p.* 210. By the enactment of this supplement it became engrafted upon the original act of 1903, and took its place in that act as a com-ponent part thereof. *Central Railroad Co.* v. *State Board of Assessors,* 75 *N. J. L.* 771, 777. The Revision of 1918 did not re-enact that part of the earlier statute thus engrafted upon it, but it recognizes in many of its provisions the con-tinued existence of county tax boards as a part of the exist-ing taxing machinery of the state, and expressly requires the further performance by these boards of the duties imposed upon them by the earlier legislation. It can hardly be said, in the face of this fact, that the earlier statute was wiped out of existence by the enactment of the Revision of 1918.

We are of opinion, therefore, that the supplement of 1920 is a valid enactment and violates no constitutional provision.

The question remains, What is the scope of the supplement of 1920? The contention on the part of the prosecutor is that the purpose of the legislature in its enactment was to retain in office indefinitely secretaries of county boards then holding office, as well as those thereafter to be appointed, notwith-standing that each of the incumbents originally held for a fixed term which expired the day after the enactment went into effect. On the other hand, the respondent argues that the legislative purpose exhibited by the statute was only to provide an indeterminate term for secretaries who should thereafter be appointed, and not to extend indefinitely the terms of office of then present incumbents. Both parties con-

cede, as we understand the arguments of counsel, that the statute is susceptible of being construed either in the one way or the other, without doing violence to the language used, and we think that this is true. But it is equally true that to give it the construction urged on behalf of the prosecutor would make it retroactive in its effect, while that claimed on behalf of the respondent would make it purely prospective. In this situation the rule of statutory construction laid down by the Court of Errors and Appeals in the case of *Citizens' Gas Light Co.* v. *Alden,* 44 *N. J. L.* 648, 653, is applicable. Mr. Justice Knapp, speaking for the court, says: "It is not enough that words used in the act *may* be given a retrospect, without doing violence to their meaning. * * * Laws, generally, are enacted for the regulation of future affairs and conduct, and to establish the basis on which rights may thereafter under them be rested, and are not usually designed to alter or affect the quality or legal relations of past acts and concluded transactions, much less to disturb rights which have arisen under laws running concurrently with their birth. Hence, we do not look for or expect in any enactment that it shall be operative as of time prior to its own existence; and, before we are permitted to ascribe to it such purpose, there must be found in the law such clear and indubitable expression of the legislative design as precludes any other reasonable interpretation of the words used. The rule in the courts is, that retroactive effect will not be given to a statute when the words in it can be construed as designed to make it prospective only. All legislation is framed, or presumed so to be, in view of this conspicuous canon of construction governing in courts where the duty of interpretation is reposed. And when the legislature intend to give to law of their enactment operation upon the past, they will and must do it with such choice of words as places it beyond the realm of doubt." The later opinion of the court, in *Frelinghuysen* v. *Morristown,* 77 *Id.* 493, is to the same effect. The rule of construction thus clearly and explicitly pronounced, when applied to the statute under consideration, leaves us in no doubt as to its scope. It does not operate to extend the term of office of a

secretary of a county tax board who was an incumbent of that office at the time of the enactment of the statute. On the contrary, it deals only with the future—that is, with the terms of secretaries who shall thereafter be appointed by the several county boards of taxation.

We conclude, therefore, that for the reason given the action of. the Middlesex county board of taxation in passing the resolutions under review was a valid exercise of the powers conferred upon it by our legislature, and that it should be affirmed.

By stipulation of counsel in open court it was agreed that a number of other cases coming up from the various counties of the state, involving the questions we have discussed and which are pending before us, should be determined by our decision in the case in which this opinion is delivered. It will be so ordered.